**Robert BANAT, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 03–4207.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Robert Banat, New York, NY, pro se.

Carol Barthel, Attorney, Tax Division (Eileen J. O'Connor, Assistant Attorney General, on the brief; David English Carmack, Attorney, Tax Division, of counsel.) United States Department of Justice, Washington, D.C., for Appellee.

PRESENT: CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Robert Banat, *pro se*, appeals from the judgment of the United States Tax Court (Halpern, A.L.J.) imposing sanctions of $2000 pursuant to I.R.C. § 6673. In March 1999, Banat petitioned the tax court to disallow the IRS's assessment of tax liability in the amount of $41,372.42 for 1999, arguing that the payment of income tax was voluntary. The IRS moved for summary judgment and, pursuant to I.R.C. § 6673, moved for sanctions against Banat on the ground that the argument was frivolous. The tax court granted the IRS's motion for summary judgment and, after a hearing, levied sanctions of $2000 against Banat. On appeal, Banat argues that the tax court's imposition of sanctions was improper because he had already withdrawn his petition disputing the 1999 tax liability. Banat further argues that the IRS's threat of sanctions violated his free speech and due process rights. For the reasons that follow, we affirm the tax court's judgment.

We review the tax court's award of sanctions under § 6673 for abuse of discretion, *Burke v. Comm'r*, 929 F.2d 110, 116 (2d Cir.1991), and find none. Where, as here, it appears that "the taxpayer's position in [a tax liability dispute] is frivolous or groundless," I.R.C. § 6673(a)(1)(B), "the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000," *id.* at § 6673(a)(1). An argument is frivolous for purposes of § 6673(a)(1)(B) when it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." *Coleman v. Comm'r*, 791 F.2d 68, 71 (7th Cir.1986); *cf. Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir.1989) (noting, in the context of Fed.R.Civ.P. 11 sanctions against *pro se* litigants, that a claim is frivolous where a litigant knew or should have known that a claim was barred). As the IRS informed Banat on numerous occasions, case law establishes that "the payment of income taxes is not optional" or voluntary. *United States v. Schiff*, 876 F.2d 272, 275 (2d Cir.1989). Because Banat knew, or should have known, that his argument was contrary to well-established law and thus was frivolous, it was within the discretion of the tax court to impose sanctions.

Banat argues that, because he withdrew his petition before the tax court by a letter dated November 16, 2002, the court improperly granted the government's motion for sanctions. Because § 6673 plainly provides that the tax court may award sanctions when a petitioner raises a frivolous claim, this argument is unavailing. For three years Banat maintained a suit based on a frivolous position, inflicting considerable expense on the government. Accordingly, the tax court's decision was not an abuse of discretion.

Banat's argument that the IRS's motion for sanctions violated his free speech and due process rights is also unpersuasive. This Court, along with all other federal appellate courts, has rejected the invocation of the First Amendment to avoid liability for filing a false or fraudulent tax return. *See United States v. Rowlee*, 899 F.2d 1275, 1279 (2d Cir.1990) (citations omitted). The IRS's motion for sanctions did not result in the denial of Banat's First Amendment or due process rights because, upon receiving the IRS's letters warning that it would seek sanctions, Banat continued to dispute his tax liability and received a hearing and adjudication of his arguments.

For these reasons, the judgment of the tax court is AFFIRMED.