**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1074**

MICHAEL CRAIG WORSHAM,

            Petitioner - Appellant,

        v.

COMMISSIONER OF INTERNAL REVENUE,

            Respondent - Appellee.

Appeal from the United States Tax Court.
(Tax Ct. No. 031151-09)

Submitted:  June 13, 2013            Decided:  June 27, 2013

Before TRAXLER, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael C. Worsham, Forest Hill, Maryland, for Appellant. Kathryn Keneally, Assistant Attorney General, Robert W. Metzler, Steven K. Uejio, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a trial, the tax court found that Michael Worsham failed to report taxable income of $193,026 for 2006 and that he was liable for increased penalties because his failure to file was fraudulent. We affirm.

Worsham does not dispute that he failed to pay taxes on the income he earned in 2006, or the Commissioner's calculations as to the amount of the deficiency. However, he argues that Congress lacks authority to tax his income. This argument clearly fails. See U.S. Const. art. I, § 8, cl. 1 ("The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises . . . ."); U.S. Const. amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."). We find similarly unpersuasive Worsham's argument that the federal income tax infringes his fundamental rights.

Worsham also argues that his earnings as an attorney are not taxable income because they include the "basis value" of his labor. We agree with the numerous other courts to have addressed this argument that it is meritless. See, e.g., Boggs v. Comm'r, 569 F.3d 235, 238 (6th Cir. 2009); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985).

Finally, Worsham contends that the tax court erred in imposing a penalty under 26 U.S.C. § 6651(f) for fraudulent failure to file a tax return. "A finding of fraud requires that the Commissioner prove affirmatively by clear and convincing evidence actual and intentional wrongdoing on the part of the [taxpayer] with a specific intent to evade the tax." Grossman v. Comm'r, 182 F.3d 275, 277 (4th Cir. 1999) (internal quotation marks omitted). However, "[i]ntent to defraud . . . may be proven by circumstantial evidence." Id. We review the tax court's finding of fraud for clear error. Romm v. Comm'r, 245 F.2d 730, 734 (4th Cir. 1957).

Worsham does not dispute that he failed to file a return. The tax court found several indicia of fraud present, including: 1) Worsham had filed tax returns in years preceding 2006, demonstrating his awareness of the filing requirement; 2) Worsham's tax liability increased in 2006 because his law practice became more profitable; 3) Worsham raised numerous frivolous arguments; and 4) Worsham is highly educated and has a law degree and thus should have been able to identify frivolous arguments. Worsham v. Comm'r, T.C. Memo 2012-219, at 17-21 (2012). The court found it particularly significant that Worsham previously moved to dismiss his case after learning that the Commissioner had subpoenaed his bank accounts; the court concluded that Worsham was more concerned with concealing the

3

true amount of his income than with presenting good-faith arguments regarding his tax liability. Given these considerations, we cannot conclude that the tax court's finding of fraud was clearly erroneous.

In addition to the 26 U.S.C. § 6651(f) penalty, the tax court imposed penalties under 26 U.S.C. §§ 6651(a)(2) and 6654 for failure to pay the tax shown on a substitute for return and failure to pay estimated taxes. Worsham does not challenge those penalties beyond arguing that he never owed any income tax to begin with. We have rejected that argument and thus need not consider the issue further.[*]

Accordingly, we affirm the judgment of the tax court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] The Commissioner has filed a motion seeking sanctions against Worsham, acting pro se, for noting a frivolous appeal. See 28 U.S.C. § 1912; Fed. R. App. P. 38. We deny that motion.

4