T.C. Memo. 2019-132

UNITED STATES TAX COURT

MICHAEL C. WORSHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26210-16.                    Filed October 1, 2019.

Michael C. Worsham, pro se.

<u>David A. Indek</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  In a notice of deficiency issued December 8, 2016,

respondent determined that petitioner is liable for deficiencies and additions to tax

in the following amounts:

[*2]

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2005 | $47,537 | $121 | $134 | $1,907 |
| 2007 | 9,578 | 2,155 | 2,395 | 436 |
| 2008 | 28,641 | 6,444 | 7,160 | 920 |
| 2009 | 7,155 | --- | --- | 171 |
| 2010 | 24,779 | 5,575 | 6,195 | 531 |

Respondent determined no liability for petitioner under section 6651(a)(1)[1] for 2009. Respondent determined that petitioner is, but now concedes that he is not, liable under section 6651(a)(2) for 2005, 2007, 2008, and 2010 and under section 6654(a) for 2005.

After concessions, the issues for decision are:

1. Whether petitioner had income, self-employment income, and deductions for 2005, 2007, 2008, 2009, and 2010, in the amounts determined by respondent. We hold that he did.

_____

[1]Section references are to the Internal Revenue Code in effect at all relevant times. Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar. Petitioner resided in Maryland when the petition was filed.

[*3]  2.  Whether petitioner's "basis in labor" is considered in deciding his Federal income liability for his income from the performance of services.  We hold that it is not.  As a related matter we will deny petitioner's motion to show cause for respondent to provide a factual basis for what petitioner refers to as "cost determinations" relating to his income from labor.

3.  Whether petitioner is liable for the tax on self-employment income and entitled to the deduction for self-employment tax in the amounts determined by respondent.  We hold that he is.

4.  Whether authority to issue the notice of deficiency was delegated to Robert L. Bryant, Appeals team manager.  We hold that it was, and we will deny petitioner's motion to dismiss for lack of jurisdiction in which petitioner contended that no delegation had been made.

5.  Whether petitioner is liable for the additions to tax for failure to timely file tax returns and failure to make estimated tax payments.  We hold that he is.

6.  Whether the refund of petitioner's overpayments, if any, is barred by the statute of limitations.  We hold that it is.

7.  Whether, as petitioner contends, section 6673 is unconstitutional.  We hold that it is constitutional, and we will separately address respondent's motion to impose sanctions.

[*4]                           FINDINGS OF FACT

A.    Petitioner

Petitioner has a bachelor of science degree in chemistry; a master of science degree in civil engineering; and a juris doctor degree from the University of Baltimore School of Law.  He moved to Maryland in 1993 to work for the U.S. Army Environmental Center at Aberdeen Proving Ground.  During the next several years he attended law school at night.  He was sworn in as a member of the Maryland bar in 1998 and left the Army to start a solo law practice from his home in 2001.  Petitioner's law practice was not in the area of tax, and he took no tax courses in law school.

Petitioner filed a Federal income tax return every year from 1989 (when he had just begun graduate school for his master of science degree) through 2004. Petitioner's law practice became more profitable during 2005. An accountant suggested that petitioner incorporate his business for tax reasons, which he did under the name of Michael C. Worsham, P.C. (Worsham P.C.).  During 2006 Worsham P.C. had a corporate charter in Maryland, elected to be treated as an S corporation, and was wholly owned by petitioner.  Also during 2006 petitioner discovered information which led him to conclude that he was not required to file

[*5] Federal tax returns or pay Federal income tax.  As a result petitioner has not filed a personal Federal income tax return for any year since 2004.

B.    Petitioner's Income and Deductible Expenses for 2005, 2007, 2008, 2009, and 2010

In 2005 Worsham P.C. received $105,324 in gross receipts and was entitled to $6,442 of deductions.  Also in 2005 petitioner received $129 of taxable interest income, net income of $72,153 reported on Schedule C, Profit or Loss From Business (comprising $104,376 of gross receipts and $32,223 of expenses), and $98,882 of net ordinary income through Worsham P.C.

In 2007 petitioner received $1,199 of taxable interest income, had $7,150 of Schedule C gross receipts, and paid $6,200 for mortgage interest.  In 2007 Worsham P.C. had gross receipts of $49,476 (which is $879 more than Worsham P.C. reported on its 2007 return), and petitioner received $49,476 of net ordinary income through Worsham P.C.

In 2008 petitioner received $2,580 of taxable interest income, had $49,879 of Schedule C gross receipts, and paid $3,403 for mortgage interest.  In 2008 Worsham P.C. had gross receipts of $58,623, and petitioner received $58,623 of net ordinary income through Worsham P.C.

**[\*6]**  In 2009 petitioner received $338 of taxable interest income and had $2,970 of Schedule C gross receipts.  In 2009 Worsham P.C. had gross receipts of $49,149.

In 2010 petitioner received $171 of taxable interest income and paid $969 for mortgage interest.  In 2010 Worsham P.C. had gross receipts of $120,141, and petitioner received $120,141 of net ordinary income through Worsham P.C.

C.    Petitioner's Tax Returns

Petitioner made tax payments on January 15, 2006, of $2,000 for 2005; on April 15, 2006, of $45,000 for 2005; on May 4, 2009, of $4,000 for 2008; on April 15, 2010, of $10,000 for 2009; and on July 22, 2013, of $30,000 for 2007, $25,000 for 2008, $20,000 for 2009, and $20,000 for 2010.

Petitioner did not file Form 1040, U.S. Individual Income Tax Return, for 2005, 2007, 2008, 2009, or 2010.  Petitioner submitted an unsigned Form 1040 for 2005 because respondent did not provide him with alternative text to the jurat.

On its 2007 Form 1120S, U.S. Income Tax Return for an S Corporation, Worsham P.C. deducted $51,630, comprising $20,000 for officer compensation, $323 for taxes and licenses, and $31,307 for other unspecified deductions.  For 2007 petitioner is entitled to an itemized deduction of $6,200, which is larger than the standard deduction to which he was entitled for that year.

**[\*7]**   On its 2008 Form 1120S, Worsham P.C. deducted $68,870, comprising $30,000 for officer compensation, $335 for taxes and licenses, and $38,535 for other deductions.

The notice of deficiency was signed on behalf of the Commissioner by Appeals Team Manager Bryant.

OPINION

Except as provided in section 7491(c), the Commissioner's determinations are generally presumed to be correct, and the taxpayer bears the burden of proving they are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof with respect to a factual issue relevant to a taxpayer's liability for income tax shifts from the taxpayer to the Commissioner if the taxpayer has complied with substantiation requirements, maintained all records required by the Internal Revenue Code, and cooperated with reasonable requests by the Secretary for information, documents, and meetings.  Sec. 7491(a)(2).  A taxpayer bears the burden of proving that he or she has met the requirements of section 7491(a).  See H.R. Conf. Rept. No. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. No. 105-174, at 45 (1998), 1998-3 C.B. 537, 581.  Petitioner does not contend and the record does not establish that he meets the requirements of section 7491(a).  Thus,

**[\*8]** the burden of proof does not shift under section 7491(a). See Rule 142(a);

Welch v. Helvering, 290 U.S. at 115.

A.    Whether Petitioner Had Income and Deductions for 2005, 2007, 2008, 2009, and 2010 in the Amounts Determined by Respondent

Respondent determined that petitioner had Schedule C gross receipts of $104,376 for 2005, $7,150 for 2007, $49,879 for 2008, and $2,974 for 2009; that he is entitled to deduct expenses of $32,223 for 2005; and that he received net self-employment income of $72,153 for 2005, $7,150 for 2007, $49,879 for 2008, and $2,970 for 2009. Petitioner was required to file a tax return for each year at issue because his gross income exceeded the sum of the personal exemption and standard deduction for each year. See sec. 6012(a)(1)(A).

Worsham P.C. filed Forms 1120S for 2007 and 2008. On those returns, Worsham P.C. claimed deductions for compensation for officers, taxes and licenses, and other unspecified expenses. Petitioner provided copies of statements for his personal credit card for the years at issue and copies of Verizon bills issued to Michael C. Worsham, Attorney, for 11 months in 2008. However, petitioner did not provide any testimony (other than conclusory statements that the records support his deductions) or other evidence establishing Worsham P.C.'s entitlement to these deductions for 2007 or 2008.

**[*9]** Petitioner does not dispute that he received income or had deductions in the amounts determined by respondent. Respondent conceded all of the deductions petitioner claimed on his returns except for $3,345 for charitable cash contributions. Petitioner presented no documents or other evidence supporting those deductions. Petitioner's only argument that the amounts he received are not taxable is his "basis in labor" contention, which we address next.

B.      Whether Petitioner's "Basis in Labor" Is Considered in Deciding His Income Tax Liability for His Law Practice Income

Petitioner contends that he is entitled to take into account his "basis in labor" and that the value or cost of his labor is its fair market value. Petitioner contends that his "basis in labor" contention is supported by sections 83, 1001, and 1012 and various regulations under those sections. We disagree. It is well established that the income tax applies to income for personal services and that taxpayers have no basis in their labor for purposes of deciding their income tax liability for income from personal services. Worsham v. Commissioner, 531 F. App'x 310, 311 (4th Cir. 2013), aff'g T.C. Memo. 2012-219. Nothing in section 83, 1001, or 1012 provides otherwise. By citing those provisions, petitioner continues to engage in what we observed in Worsham v. Commissioner, T.C.

[*10] Memo. 2012-219, slip op. at 12, is "selective and misguided readings of multiple statutes".

Petitioner filed a motion to show cause for the Internal Revenue Service to provide the factual basis for cost determinations relating to petitioner's basis in labor. None of the adjustments in the notice of deficiency involves the value of property or any other issue for which cost basis is taken into account. We will deny petitioner's motion.

C.     Whether Petitioner Is Liable for Self-Employment Tax

Respondent determined that petitioner is liable for self-employment tax of $10,195 for 2005, $1,010 for 2007, $7,048 for 2008, and $420 for 2009 and that he is entitled to deduct $5,098 for 2005, $505 for 2007, $3,524 for 2008, and $210 for 2009. Petitioner made no contrary argument. We sustain respondent's determination on this point.

D.     Whether Authority To Issue the Notice of Deficiency Had Been Delegated to the Appeals Team Manager

In his motion to dismiss for lack of jurisdiction, petitioner contends that authority to issue the notice of deficiency had not been delegated to Appeals Team Manager Bryant. We disagree. Delegation Order 4-8 provides the authority for team managers to issue notices of deficiency. Internal Revenue Manual

**[*11]** pt. 1.2.43.9 (Sept. 4, 2012). Thus, authority to issue the notice of deficiency was properly delegated to Appeals Team Manager Bryant, and we will deny petitioner's motion to dismiss for lack of jurisdiction.

E.    Whether Petitioner Is Liable for the Additions to Tax for Failure To Timely File Tax Returns and Failure To Make Estimated Tax Payments

Section 6651(a)(1) imposes an addition to tax for failure to file a required tax return by the due date unless the failure is due to reasonable cause and not willful neglect. Petitioner did not file individual tax returns for the years at issue or show that his failure was due to reasonable cause. Thus, petitioner is liable for additions to tax for failure to timely file tax returns for 2005, 2007, 2008, and 2010. See supra p. 2.

Section 6654(a) provides an addition to tax for underpayment of estimated income tax. Petitioner made no estimated tax payments for 2005, 2007, 2008, or 2010. For 2009 petitioner made his first estimated tax payment for 2009 on April 15, 2010. None of the exceptions in section 6654(e) applies here. Thus, petitioner is liable for additions to tax for failure to make estimated tax payments for 2005, 2007, 2008, 2009, and 2010.

**[\*12]** F. <u>Whether the Refund of Overpayments, if Any, Is Barred by the Statute of Limitations</u>

Petitioner contends that refund of any tax overpayments he made for the years at issue will not be time barred if it is decided that he overpaid his tax for those years. A claim for refund is time barred if the claim is filed after the later of either (1) three years from the date the return was filed or (2) two years from the date of payment. The period in which to file a refund claim is two years from the date of payment if the taxpayer did not file a return. Sec. 6511(a). Petitioner has filed no tax returns for any of the years at issue. Thus we must decide whether petitioner filed a refund claim within two years from the date of payment.

Petitioner's latest date of payment of tax for any of the years at issue was July 22, 2013. Petitioner does not claim that he previously made a claim for refund. For purposes of deficiency litigation, the date that a notice of deficiency was issued (here, December 8, 2016) is the date that a claim for refund was made if the taxpayer has not previously filed a refund claim. Sec. 6512(b)(3)(B).

Petitioner contends that the prerequisite for requesting a refund for tax will not have occurred before we decide that he is liable for any tax for the years at issue. We disagree. Under sections 6511(a) and 6512(b)(3)(B) and contrary to

**[\*13]** petitioner's contention, a claim not timely made before issuance of a notice of deficiency continues to be untimely if made after its issuance.

Petitioner cites Thomas v. Mercantile Nat'l Bank, 204 F.2d 943 (5th Cir. 1953), for the proposition that a tax cannot be paid until it is assessed. We disagree. In Deaton v. Commissioner, 440 F.3d 223, 229-230 (5th Cir. 2006), aff'g T.C. Memo. 2005-1, the Court of Appeals for the Fifth Circuit said:

> We now hold that post-Baral [v. United States, 528 U.S. 431 (2000)], we are no longer bound by the Mercantile National Bank line of authority. In Baral, the Supreme Court explicitly rejected the taxpayer's argument that a tax cannot be "paid" until tax liability is assessed and thereby abrogated the Mercantile National Bank rule that a pre-assessment remittance is a deposit rather than a payment. Baral, 528 U.S. at 434, 437 ("[T]he Code directly contradicts the notion that payment may not occur before assessment."). * * *

Petitioner presented no evidence that he filed a timely claim for refund or any reason why the refund of these overpayments, if any, would not be barred. Petitioner made tax payments on April 15, 2005, for 2005; on May 4, 2009, for 2008; on April 15, 2010, for 2009; and on July 22, 2013, for 2007, 2008, 2009, and 2010. Since the record does not show that petitioner filed a refund claim, we look to the date of the notice of deficiency to decide whether he is entitled to the refund of an overpayment.

**[\*14]** Respondent issued the notice of deficiency on December 8, 2016, which was more than two years after July 22, 2013. Thus, if or to the extent petitioner made an overpayment for any of the years at issue here, refund of the overpayment is barred by section 6511(b)(2)(B) and section 6512(b)(3)(B).

G.     Whether, as Petitioner Contends, Section 6673 Is Unconstitutional

Respondent moved to impose a penalty under section 6673(a)(1). Petitioner contends that section 6673 is unconstitutional on the grounds that it discourages his First Amendment right to make legitimate arguments because it does not apply equally to taxpayers and the Commissioner. We disagree. First, section 6673 does not apply to, and therefore does not discourage, legitimate arguments. There is no constitutional right to litigate frivolous claims without being sanctioned. Banat v. Commissioner, 80 F. App'x 705 (2d Cir. 2003); Sterner v. Commissioner, 867 F.2d 609 (4th Cir. 1989); Dixon v. Commissioner, 836 F.2d 546 (4th Cir. 1987), aff'g T.C. Memo. 1986-563; Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985). Second, petitioner cites no authority holding that it is unconstitutional for a sanction to apply unequally to taxpayers and the government, and section 6673(a)(2)(B) authorizes the Court to impose costs on Government counsel who engage in unreasonable and vexatious litigation. Section 7430 entitles taxpayers, but not the Government, to payment of litigation

**[\*15]** expenses under certain circumstances.  Petitioner cites some rules from other courts which apply to both parties, but the existence of those rules does not address the constitutionality of a statute which does not apply equally to both parties.  Thus, we hold that section 6673 is not unconstitutional.  We will decide respondent's motion separately.

<u>An appropriate order and decision will be entered</u>.