T.C. Memo. 2019-155

UNITED STATES TAX COURT

MICHAEL C. WORSHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26210-16.                    Filed December 3, 2019.

Michael C. Worsham, pro se.

<u>David A. Indek</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This case is before the Court to decide respondent's

motion to impose a penalty under section 6673(a)(1).[1]  For reasons discussed

below, we will impose on petitioner a penalty of $3,000.

--------

[1]Section references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

[*2] <u>Background</u>

The facts in this case were found in <u>Worsham v. Commissioner</u> (<u>Worsham II</u>), T.C. Memo. 2019-132, and are incorporated by this reference.

A. <u>Petitioner</u>

Petitioner has a bachelor of science degree in chemistry; a master of science degree in civil engineering; and a juris doctor degree from the University of Baltimore School of Law. He moved to Maryland in 1993 to work for the U.S. Army Environmental Center at Aberdeen Proving Ground. During the next several years he attended law school at night. He was admitted to practice law in Maryland in 1998. He left the Army and started a solo law practice in 2001. Petitioner's law practice was not in the area of tax, and he took no tax courses in law school.

Petitioner filed a Federal income tax return for every year from 1989 (when he had just begun graduate school for his master of science degree) through 2004. Petitioner's law practice became more profitable during 2005. An accountant suggested that petitioner incorporate his business for tax reasons, which he did under the name of Michael C. Worsham, P.C. (Worsham P.C.). During 2006 Worsham P.C. had a corporate charter in Maryland, elected to be treated as an S corporation, and was wholly owned by petitioner. Also during 2006 petitioner

**[*3]** discovered information which led him to conclude that he was not required to file Federal tax returns or pay Federal income tax. As a result petitioner did not file an individual Federal income tax return for any year since 2004 through the time of trial.

B.      Worsham I and Worsham II

In Worsham v. Commissioner (Worsham I), T.C. Memo. 2012-219, 2012 WL 3101491, aff'd, 531 F. App'x 310 (4th Cir. 2013), relating to petitioner's 2006 tax year, we held that he failed to report taxable income and was liable for additions to tax under section 6651(f) for fraudulent failure to file, section 6651(a)(2) for failure to pay reported tax, and section 6654 for failure to pay estimated income tax. We did not impose a penalty under section 6673, but we warned petitioner not to continue making frivolous arguments. In Worsham I, 2012 WL 3101491, at *4, petitioner argued that "there is no constitutional basis for federal taxes on the ordinary labor of a working American like Petitioner", that "there is no federal statute that * * * establishes federal tax liability for money earned from the ordinary labor of Americans", and that respondent failed to account for the basis value of a person's labor which "would be valued at near or the same as the value of the gross receipts which that same labor generated."

[*4]   In this case, which involves petitioner's 2005 and 2007-10 tax years, petitioner continued to argue that he is entitled to take into account his "basis in labor" and that the value or cost of his labor is its fair market value.  Petitioner contends that sections 61, 83, 1001, and 1012 and various regulations under those sections support his "basis in labor" contention.  In Worsham II we held that: (1) petitioner had income, self-employment income, and deductions in the amounts determined by respondent for the years at issue; (2) "basis in labor" is not considered in determining Federal income tax liability for income from performance of services; (3) petitioner is liable for tax on his self-employment income and entitled to the deductions for self-employment tax as determined by respondent; (4) we had jurisdiction over the case; (5) petitioner was liable for the additions to tax for failure to timely file tax returns and failure to make estimated tax payments; (6) the statute of limitations bars a refund of petitioner's overpayments (if any); and (7) section 6673 is not unconstitutional.

## Discussion

A.    Respondent's Motion To Impose a Penalty Under Section 6673(a)(1)

Respondent filed a motion to impose a penalty of up to $25,000 on petitioner under section 6673(a)(1) for taking positions that are frivolous or groundless.  In pertinent part, section 6673(a)(1) authorizes this Court to impose a

[*5] penalty of up to $25,000 if the taxpayer has instituted or maintained proceedings before the Court primarily for delay or if the taxpayer's position in the proceedings is frivolous or groundless. "A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Rader v. Commissioner, 143 T.C. 376, 392 (2014) (quoting Goff v. Commissioner, 135 T.C. 231, 237 (2010)), aff'd in part, 616 F. App'x 391 (10th Cir. 2015).

In Worsham I, 2012 WL 3101491, at *5, we said that "[p]etitioner's argument that no Federal statute imposes a tax on a person's ordinary labor relies on selective and misguided readings of multiple statutes. Petitioner's argument that he had a basis in his labor is also frivolous." We noted that courts have previously held that taxpayers have no basis in their labor and that petitioner's claim to the contrary is frivolous. Id. We did not impose a penalty under section 6673, but we "strongly warn[ed] petitioner that making such arguments before this Court in the future * * * [would] likely result in the imposition of sanctions against him." Id. at *10.

Worsham I was affirmed by the U.S. Court of Appeals for the Fourth Circuit, which held that petitioner "argues that his earnings as an attorney are not taxable income because they include the 'basis value' of his labor. We agree with

**[\*6]** the numerous other courts to have addressed this argument that it is meritless." <u>Worsham v. Commissioner</u>, 531 F. App'x at 311. Petitioner filed his petition in this case in 2016 and continued to raise the "basis in labor" argument, even though the Court of Appeals had warned him that the argument is frivolous. In letters dated February 12, March 30, and April 2, 2018, respondent warned petitioner that raising the basis in labor argument could result in the imposition of a penalty under section 6673. Petitioner failed to heed these warnings from the courts and respondent.

B.    <u>Petitioner's Contentions</u>

Petitioner contends that his positions in this case are not frivolous and are issues of first impression. We disagree. In <u>Worsham I</u> petitioner argued that labor has a basis determined from the value of gross receipts, while in this case he argued that labor has a basis determined from the fair market value of the labor. Petitioner cites authorities to support his argument different from those he cited in <u>Worsham I</u>, but his argument relies upon a selective and misguided reading of those authorities and does not establish an argument different in substance from his argument in <u>Worsham I</u>.

As we have previously told petitioner: "We perceive no need to refute * * * [frivolous] arguments with somber reasoning and copious citation of

**[*7]** precedent." <u>Worsham I</u>, 2012 WL 3101491, at *4 (quoting <u>Craig v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984)).  Because petitioner continues to make frivolous arguments despite numerous warnings, we will require him to pay to the United States a penalty of $3,000 under section 6673.

<u>An appropriate order and decision will be entered</u>.