T.C. Memo. 2021-84

UNITED STATES TAX COURT

FRANCISCO STEVEN DELGADO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 191-20.                                        Filed July 7, 2021.

Francisco Steven Delgado, pro se.

<u>Matthew R. Delgado</u> and <u>Paul C. Feinberg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GREAVES, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent)

determined a tax deficiency of $39,412 and a section 6662(a)[1] accuracy-related

_____

[1]Unless otherwise noted, all section references are to the Internal Revenue
Code in effect for the relevant times, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

[*2] penalty of $7,882 with respect to petitioner's Federal income tax for 2017.
Petitioner contends that he did not receive taxable income in 2017 because he was
not engaged in a "trade or business" as defined by section 7701(a)(26). We reject
this argument, and decide this case in respondent's favor.

FINDINGS OF FACT

The parties filed a stipulation of facts that is incorporated by this reference.
Petitioner resided in Texas when he petitioned this Court.

Petitioner received payments for services he performed as an independent
contractor of $122,038 and $851 from Vector Marketing Corp. (Vector) and the
Blanco Agency (Blanco), respectively, during 2017. The IRS received Forms
1099-MISC, Miscellaneous Income, from both Vector and Blanco reporting these
payments.

Petitioner timely filed two 2017 Forms 1040EZ, Income Tax Return for
Single and Joint Filers With No Dependents, both showing zero income. On the
basis of Forms 1099-MISC, respondent determined that petitioner received
nonemployee compensation of $122,889 for 2017. Thereafter, respondent issued
petitioner a notice of deficiency, which showed a basic tax liability of $22,048
plus self-employment tax of $17,364, for a total increase in tax of $39,412.
Respondent also determined a section 6662(a) accuracy-related penalty of $7,882.

**[*3]** Petitioner timely petitioned this Court for redetermination of the deficiency and the penalty. Respondent later conceded the penalty but not the deficiency.

OPINION

I.      Burden of Proof

The Commissioner's determination of a deficiency is generally presumed correct, though the taxpayer can rebut this presumption. See sec. 7491(a); Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). For the presumption of correctness to attach to the notice of deficiency in unreported income cases, however, the Commissioner must establish some evidentiary foundation connecting the taxpayer with the income-producing activity or demonstrating that the taxpayer actually received unreported income. See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir. 1995), aff'g in part, rev'g in part and remanding T.C. Memo. 1992-168. If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance of the evidence that the deficiency was arbitrary or erroneous. See Portillo v. Commissioner, 932 F.2d 1128, 1133-1134 (5th Cir. 1991), aff'g in part, rev'g in part and remanding T.C. Memo. 1990-68.

Respondent has established through information returns and petitioner's Wage and Income Transcript that petitioner received earnings of $122,038 and

[*4] $891 from Vector and Blanco, respectively, during 2017. We find that these documents, coupled with petitioner's admission that he received payments from Vector and Blanco for services he performed in 2017, sufficiently established an adequate evidentiary foundation to shift the burden of proof to petitioner on this issue.

## II.    Tax Deficiency

Compensation for services is included in gross income. Sec. 61(a)(1). Petitioner argues that the payments he received from Vector and Blanco were not taxable to him because he did not participate in a "trade or business" as defined in section 7701(a)(26). Specifically, petitioner contends that a person is only in a "trade or business" if he or she performs "the functions of a public office" and that earnings received from private companies, such as Vector and Blanco, are not taxable income.

Section 7701(a)(26) provides that "[t]he term 'trade or business' includes the performance of the functions of a public office." However, section 7701(c) provides that the term "includes" is not to be interpreted to "exclude other things otherwise within the meaning of the term defined." We have previously held arguments seeking to convert "includes" to "includes only" to be frivolous. See, e.g., Wnuck v. Commissioner, 136 T.C. 498, 506 (2011); Waltner v.

[*5] <u>Commissioner</u>, T.C. Memo. 2014-35, at *50, <u>aff'd</u>, 659 F. App'x 440 (9th Cir. 2016). Moreover, petitioner's overall theory that only those performing "the functions of a public office" need to pay Federal income tax has been consistently rejected as a "common, frivolous, tax-protestor argument of no merit." <u>Worsham v. Commissioner</u>, T.C. Memo. 2012-219, 2012 WL 3101491, at *7 (quoting <u>Hamilton v. Commissioner</u>, T.C. Memo. 2009-271, 2009 WL 4159786, at *2), <u>aff'd</u>, 531 F. App'x 310 (4th Cir. 2013). Consequently, we decline to address petitioner's position further and sustain respondent's determination that petitioner had unreported income of $122,889 for 2017.

Section 1401(a) imposes, in addition to other taxes, a tax "on the self-employment income of every individual". Self-employment income generally consists of the gross income derived by an individual from any trade or business carried on by such individual, less the allowable deductions attributable to such trade or business, during any taxable year. Sec. 1402(b). The income petitioner received from Vector and Blanco as an independent contractor falls within the definition of "self-employment income". Other than the meritless positions mentioned above, petitioner has made no other arguments as to why that income should be excluded from self-employment income. We accordingly sustain

**[*6]** respondent's determination that petitioner is liable for self-employment tax in the amount set forth in the notice of deficiency.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.