RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KAREN HAWVER,

　　　　　　　　*Plaintiff-Appellant,*

　　　　*v.*

UNITED STATES OF AMERICA,

　　　　　　　　*Defendant-Appellee.*

No. 14-1501

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-11068—Denise Page Hood, District Judge.

Argued: December 9, 2015

Decided and Filed: December 17, 2015

Before: SUTTON and KETHLEDGE, Circuit Judges; BECKWITH, District Judge.[*]

---

## COUNSEL

**ARGUED:** Don Ferris, FERRIS & SALTER, P.C., Ann Arbor, Michigan, for Appellant. Andrew J. Lievense, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Don Ferris, FERRIS & SALTER, P.C., Ann Arbor, Michigan, for Appellant. Andrew J. Lievense, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

---

## OPINION

---

SUTTON, Circuit Judge. Karen Hawver claims that the Center for Family Health in Jackson, Michigan, a federally qualified health center, caused her mother's death by providing

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

negligent medical care.  The Federal Tort Claims Act provides the exclusive remedy for claims against federally qualified health centers such as Family Health.  *See* 42 U.S.C. § 233.  By the time Hawver filed this lawsuit, the two-year statute of limitations applicable to claims under the Act had run.  *See* 28 U.S.C. § 2401(b).  The district court dismissed her case as a result.  Relying on *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982) (per curiam), the court held that a failure to satisfy the Act's statute of limitations requirements doubles as a failure to satisfy the subject matter jurisdiction requirements of the federal courts and thus precludes equitable tolling. *Hawver v. United States*, No. 13-CV-11068, 2014 WL 1405221, at *6–7 (E.D. Mich. Apr. 25, 2014).  Hawver appealed.

After the district court's decision, *United States v. Kwai Fun Wong* held that the Act's statute of limitations requirements in § 2401(b) do not implicate the subject matter jurisdiction of the federal courts and that equitable tolling may save a late claim in some circumstances.  135 S. Ct. 1625, 1629 (2015); *see also Herr v. U.S. Forest Serv.*, 803 F.3d 809, 814 (6th Cir. 2015). The Supreme Court's decision in *Kwai Fun Wong* prompts us to do two things.  First, as a matter of compulsion under our hierarchical system of precedent, we must overrule our contrary caselaw, *see, e.g.*, *Rogers*, 675 F.2d at 124; *Singleton v. United States*, 277 F.3d 864, 873 (6th Cir. 2002).  Second, as a matter of discretion, we remand the case to the district court to give it an opportunity to determine whether equitable tolling saves Hawver's claim.  The district court dismissed Hawver's claim at the Civil Rule 12(b)(1) stage of the case, it did not consider her equitable tolling argument, and some discovery may be necessary to determine whether equitable tolling applies.  We thus vacate the district court's opinion and remand the case so that the district court may decide in the first instance whether equitable tolling applies.