RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0067p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MARYVILLE BAPTIST CHURCH; JACK ROBERTS,

  *Plaintiffs-Appellants*,

  *v.*

ANDY BESHEAR, in his official capacity as Governor
of the Commonwealth of Kentucky,

  *Defendant-Appellee*.

No. 24-5737

─────────────────

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:20-cv-00278—David J. Hale, District Judge.

Decided and Filed:  March 25, 2025

Before:  SUTTON, Chief Judge; McKEAGUE and NALBANDIAN, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Mathew D. Staver, Daniel J. Schmid, LIBERTY COUNSEL, Orlando, Florida, for Appellants.  Mitchel T. Denham, MCBRAYER, PLLC, Louisville, Kentucky, Travis Mayo, Taylor Payne, Laura Tipton, OFFICE OF THE GOVERNOR, Frankfort, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

SUTTON, Chief Judge.  Maryville Baptist Church sought, and obtained, a preliminary injunction against the Kentucky Governor's COVID-19 restrictions on religious gatherings.  As time passed and the pandemic waned, the case became moot.  In view of its early success in the case under the Free Exercise Clause of the United States Constitution and 42 U.S.C. § 1983, the Church sought attorney's fees as a "prevailing party" under 42 U.S.C. § 1988.  The district court

denied the motion, and the Church appealed. The U.S. Supreme Court recently answered the question. It held that a party who receives a preliminary injunction, and whose case becomes moot before the court reaches a final judgment, does not count as a prevailing party under § 1988. *See Lackey v. Stinnie*, 145 S. Ct. 659 (2025). Consistent with that decision, we affirm the district court's denial of attorney's fees.

I.

At the outset of the COVID-19 pandemic, Governor Andy Beshear declared a state of emergency in Kentucky and entered a series of orders intended to slow the virus's spread. Two of those orders bear on this case. The first order, issued on March 19, 2020, prohibited all "mass gatherings" in the Commonwealth. R.1-5 at 1. That included "faith-based" gatherings, but it exempted gatherings at "airports, bus and train stations," and "shopping malls and centers," among other places. R.1-5 at 1. The second order, issued on March 25, closed all organizations that were not "life-sustaining." R.1-7 at 2. That included religious organizations, except when they provided "food, shelter, and social services," but it exempted laundromats, law firms, hardware stores, and several other businesses. R.1-7 at 2–4.

On April 12, 2020, Maryville Baptist Church held an Easter service. Some congregants sat inside the church for the service, while others sat in their cars and listened over loudspeakers. Kentucky State Police arrived and notified all of the congregants that their attendance violated the Governor's orders.

The Church and its pastor sued the Governor under § 1983, alleging violations of the First and Fourteenth Amendments to the U.S. Constitution. The district court declined to issue a preliminary injunction. The Church appealed. We expedited the appeal and issued a partial stay during its pendency, which barred the Governor from enforcing his orders against the Church's outdoor worship. *See Maryville Baptist Church, Inc. v. Beshear*, 957 F.3d 610, 616 (6th Cir. 2020) (per curiam). Six days later, while the underlying appeal remained pending, the district court granted a preliminary injunction prohibiting the Governor from enforcing his orders against the Church's indoor and outdoor worship. *See Maryville Baptist Church, Inc. v. Beshear*, No. 3:20-CV-278-DJH-RSE, 2020 WL 2393359, at *3–4 (W.D. Ky. May 8, 2020). After the Church

obtained its desired preliminary relief, we dismissed its appeal as moot.  *See Maryville Baptist Church, Inc. v. Beshear*, 977 F.3d 561, 564–65 (6th Cir. 2020) (per curiam).

On May 9, 2020, a day after the district court awarded the Church its preliminary injunction, the Governor allowed places of worship to reopen.  Less than a year after that, the Kentucky General Assembly limited the Governor's authority to issue similar COVID-19 orders in the future.  *See Cameron v. Beshear*, 628 S.W.3d 61, 67, 78 (Ky. 2021).  With the controversy at an end due to actions by the state executive and legislative branches, the third branch of the federal government dismissed the underlying action as moot on October 6, 2021.

The Church moved for attorney's fees.  *See* 42 U.S.C. § 1988(b).  The district court eventually denied the motion on the ground that the Church did not prevail.  The Church appeals.

II.

In the American legal system, each party usually pays its own attorney's fees.  *See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001).  Congress has created some exceptions to that default rule.  The most conspicuous one covers lawsuits that vindicate constitutional and statutory rights under federal law.  Under 42 U.S.C. § 1988(b), courts may grant "a reasonable attorney's fee" to "the prevailing party" in a § 1983 action.

For today's purposes, the key language is "prevailing party."  That phrase frames the sole question on appeal:  May we treat a party who receives a preliminary injunction, but never obtains a final judgment because the case becomes moot, as a prevailing party?

Until now, we "usually" answered no but made an "occasional exception[]" in discrete circumstances.  *McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010).  "[W]hen a claimant wins a preliminary injunction and nothing more," we explained, "that usually will not suffice to obtain fees under § 1988."  *Id.*  That remained the rule in our court for over a decade.  "Ordinarily," we said under that line of cases, "a preliminary injunction by itself does not suffice."  *Roberts v. Neace*, 65 F.4th 280, 284 (6th Cir. 2023).  During that time, we permitted attorney's fees in this situation a handful of times because the underlying preliminary injunction

"mainly turn[ed] on the likelihood-of-success inquiry and change[d] the parties' relationship in a material and enduring way." *Id.*; *see, e.g.*, *Tenn. State Conf. of NAACP v. Hargett*, 53 F.4th 406, 411 (6th Cir. 2022); *Miller v. Caudill*, 936 F.3d 442, 450 (6th Cir. 2019); *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 546 (6th Cir. 2019).

The U.S. Supreme Court recently decided that the "ordinar[y]" rule is the only rule. In *Lackey v. Stinnie*, a Virginia statute required state courts to suspend the licenses of drivers who failed to pay court fines. 145 S. Ct. at 664. A group of drivers challenged the law, and the district court preliminarily enjoined its enforcement. *Id.* at 664–65. The Virginia General Assembly repealed the statute before the district court reached a final judgment, which mooted the underlying case. *Id.* at 665. The drivers sought attorney's fees anyway. *Id.*

The Supreme Court rejected the drivers' bid. A plaintiff "prevails," the Court explained, "when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id.* at 669. A plaintiff who receives a preliminary injunction before the case becomes moot does not fit the bill, it concluded. *Id.* at 666–69. A preliminary injunction, the Court explained, reflects only "temporary success at an intermediary stage of the suit," not enduring relief based on a conclusive determination that the plaintiff won, and not relief that changes the relationship between the parties. *Id.* at 667 (quotation omitted).

Our line of cases that permitted attorney's fees in the context of a narrow set of preliminary injunctions cannot be reconciled with *Lackey*'s bright-line rule that the statute never authorizes them in that setting. It goes without saying, but we will say it anyway, that in a "hierarchical system of precedent," our decisions must yield to the Court's contrary decisions. *Hawver v. United States*, 808 F.3d 693, 694 (6th Cir. 2015). That means that *Lackey*, not any of our contrary precedents, determines whether the Church prevails with only a preliminary injunction to its name.

Gauged by *Lackey*, the Church does not count as a prevailing party. The Church, like the drivers in *Lackey*, enjoyed only a "transient victory" when our court and the district court preliminarily enjoined the Governor from enforcing his orders against drive-in and in-person

church services. 145 S. Ct. at 669. When events outside the courthouse, as in *Lackey*, mooted the dispute, that mooted any chance of obtaining attorney's fees. *See id.* at 665. Any ongoing relief the Church enjoys at this point comes from the Governor's revised orders and later legislation by the General Assembly, not from a federal court's orders. The same reality in *Lackey* leads to the same conclusion here. Because the Church "gained only preliminary injunctive relief before this action became moot," it does not qualify as a prevailing party eligible for attorney's fees. *Id.* at 671.

We affirm.