*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0209p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

GARY BOGGS; KAREN BOGGS,
                *Petitioners-Appellants,*

     *v.*

COMMISSIONER OF INTERNAL REVENUE,
                *Respondent-Appellee.*

No. 08-1907

On Appeal from the United States Tax Court.
No. 1836-06.

Submitted: May 11, 2009

Decided and Filed: June 10, 2009

Before: MARTIN and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Steven Parks, Anthony T. Sheehan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. Gary L. Boggs, Loveland, Ohio, pro se.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. Gary and Karen Boggs, proceeding pro se, appeal a decision from the United States Tax Court dismissing their petition for redetermination of tax deficiency and negligence penalty. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

The petitioners filed a Form 1040 joint income tax return for 2003, claiming that they were entitled to a $75,600 deduction. In an attachment, entitled "Formal Tax Return Protest With Memorandum of Law," the petitioners argued that a portion of their wages was not taxable under the Sixteenth Amendment because it was a return on human capital, i.e., the "human machine." The Commissioner of Internal Revenue consequently sent them a notice of deficiency, disallowing the deduction and assessing additional income taxes of $30,937.42 as well as an accuracy-related penalty for negligence of $5,040.55.

The petitioners filed their petition for redetermination, contesting the validity of the notice of deficiency and reiterating arguments from their tax return memorandum. The Tax Court issued a written order warning the petitioners that they were subject to a penalty of as much as $25,000 if they continued to advance frivolous and groundless arguments. *See* 26 U.S.C. § 6673.

In preparation for trial, the Commissioner filed a pre-trial memorandum and asked the petitioners to stipulate to their address, the filing of their tax return, and the issuance of the notice of deficiency. The petitioners filed a pre-trial memorandum in response and tendered objections to the stipulations to the Tax Court, leading the Tax Court to issue a second written warning about frivolous arguments. The objections to proposed stipulations were returned unfiled.

At a calendar call, Mr. Boggs protested the wording of the stipulations and was reminded again by the Tax Court of the possibility of a penalty for advancing frivolous arguments. Following a short recess, the Tax Court reconvened for a pre-trial conference. Mr. Boggs continued to object to the stipulations, but agreed to sign them when the Tax Court repeated its warning about the possibility of a penalty. The Tax Court further advised Mr. Boggs that his arguments did not constitute evidence and that he should consider what he intended to do at the trial to be held that afternoon. Mr. Boggs, however, persisted in his arguments at trial and presented no admissible evidence, leading the court to take the case under submission. The Tax Court thereafter

issued an opinion, upholding the Commissioner's determinations and assessing a $10,000 penalty against the petitioners.

In their timely appeal, the petitioners argue that the IRS failed to respond to their Formal Tax Return Protest, that they did not receive a "statutory notice of deficiency," that the Tax Court thus lacked subject matter jurisdiction, and that the Tax Court's decision had no basis in law. The government has filed a brief as well as a separate motion for sanctions in the amount of $8,000.

The Tax Court properly upheld the deficiency determination. *See Kearns v. Comm'r*, 979 F.2d 1176, 1178 (6th Cir. 1992). A deficiency determination is presumed correct, and the taxpayer has the burden of proof to demonstrate error. *Id.* Tax Court Rule 34(b)(4) and (5) provides that the petition in a deficiency action shall contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error."

The petitioners did not comply with the requirements of Rule 34 and thus failed to demonstrate any error in the notice of deficiency. Despite warnings that their arguments were frivolous, the petitioners continued to reassert claims that have been rejected in other tax protestor cases. We likewise reject these arguments. The Commissioner's failure to respond to the tax return memorandum was not improper as the Commissioner has no obligation to respond to inquiries regarding the tax code. *See We the People Found., Inc. v. United States*, 485 F.3d 140, 143-45 (D.C. Cir. 2007), *cert. denied*, 128 S. Ct. 939 (2008); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). The notice of deficiency was not defective as the notice need only state the amount of tax the Commissioner intends to assess and as the notice does not need to be on a particular form. *See Scar v. Comm'r*, 814 F.2d 1363, 1367 (9th Cir. 1987); *Foster v. Comm'r,* 80 T.C. 34, 229 (1983), *vacated in part on other grounds,* 756 F.2d 1430

(9th Cir. 1985).  Finally, we reject the argument that wages are not completely taxable because they are a return on human capital.  This is a variation on an argument repeatedly rejected by courts that wages are not income because they are in equal exchange for labor. *See Sisemore v. United States*, 797 F.2d 268, 270-71 (6th Cir. 1986).

The Tax Court did not commit error by upholding the negligence penalty.  *See Mortensen v. Comm'r*, 440 F.3d 375, 385 (6th Cir. 2006).  "The Commissioner's decision to impose the negligence penalty is presumptively correct and the taxpayer has the burden of proving that he did not act negligently and that he did what a reasonably prudent person would have done under the circumstances." *Id.* at 384.  The penalty was proper as the petitioners' attempt to deduct human capital did not constitute a reasonable attempt to comply with tax law. *See id.*

The Tax Court did not abuse its discretion by imposing sanctions under § 6673.  The petitioners' arguments were not grounded in law, they were cautioned several times about the possibility of sanctions due to the frivolous nature of their arguments, and yet they persisted in proceeding to trial. *See Sawukaytis*, 102 F. App'x at 33-34.

We conclude that the Commissioner's motion for sanctions in the amount of $8,000 is well-taken.  The appeal is frivolous and was taken despite repeated admonitions from the Tax Court about the frivolous nature of the suit.  The amount requested is appropriate in light of the Commissioner's representation that its average expense for a frivolous appeal exceeds $11,000, and in light of this court's previous rejection of the argument that wages are in equal exchange for labor. *See Schoffner v. Comm'r*, 812 F.2d 292, 294 (6th Cir. 1987); *Perkins v. Comm'r*, 746 F.2d 1187, 1188-89 (6th Cir. 1984).

Accordingly, we affirm the Tax Court's decision and impose a sanction in the amount of $8,000.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.