RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0137p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ROBERT EVERT HAYES,

        *Plaintiff-Appellant,*

*v.*

COMMISSIONER OF SOCIAL SECURITY,

        *Defendant-Appellee.*

No. 17-6142

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:10-cv-00401—Danny C. Reeves, District Judge.

Decided and Filed: July 12, 2018

Before: MOORE, KETHLEDGE, and STRANCH, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Wolodymyr Cybriwsky, Prestonsburg, Kentucky, for Appellant. Richard V. Blake, Avni Gandhi, Nadine DeLuca Elder, Ashley M. Johnson, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, Charles P. Wisdom, Jr., Cheryl Morgan, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

───────────────

**OPINION**

───────────────

JANE B. STRANCH, Circuit Judge. This appeal challenges the district court's denial of a motion for attorney's fees filed by Plaintiff Robert Hayes's attorney, Wolodymyr Cybriwsky.[1]

---

[1]Because the SSA has already distributed the 25% of past-due benefits that was reserved in 2012 to pay Hayes's attorney's fees, an award of fees would be adverse to the interests of Hayes. We therefore refer to the motion for attorney's fees as being made by Cybriwsky, as the real party in interest.

Because we find that the motion was untimely and that the circumstances do not merit equitable tolling, we **AFFIRM.**

## I. BACKGROUND

In November 2010, Hayes engaged Cybriwsky to represent him in federal litigation related to the Social Security Administration's (SSA) denial of Hayes's application for Social Security disability benefits. In February 2011, the Commissioner moved to remand the case for further administrative hearings pursuant to sentence six of 42 U.S.C. § 405(g) because faulty recordings of the administrative hearings rendered the record inaudible. Upon remand, the Administrative Law Judge (ALJ) entered a fully favorable decision for Hayes on August 2, 2011. The Commissioner then moved to re-docket the case and affirm the decision of the ALJ. That motion was granted and the district court affirmed the administrative decision on April 19, 2012. The next month Cybriwsky moved for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2414. After granting leave to amend and correct the motion, the district court granted attorney's fees in the sum of $2,225 in August 2012. For nearly five years thereafter, there was no activity on the court docket.

In April 2017, Cybriwsky filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b), seeking more than $11,000. The district court initially denied the motion because it lacked key documentation, including Cybriwsky's fee arrangement with Hayes and documentation of the benefit amount actually received by Hayes. Cybriwsky then filed a second motion for fees under Section 406(b) in May 2017, this time attaching documentation of the fee arrangement, benefits paid to Hayes by the SSA, as well as an itemized description of the work Cybriwsky performed. The Commissioner responded, arguing that the motion should be denied as untimely. By the time Cybriwsky filed his 2017 motion, the SSA had released the 25% of past-due benefits normally reserved to pay attorney's fees; $5,300 was awarded to Hayes's attorney at the administrative level and the remainder was released to Hayes. As a result, any fees awarded to Cybriwsky would have to be recovered from Hayes, either directly or by utilizing the SSA's administrative overpayment mechanism, whereby fees would be taken from Hayes's monthly disability payments.

After holding a hearing, the district court denied the motion as untimely, and determined that the circumstances did not merit the exercise of equitable tolling.  Cybriwsky timely appealed.

## II.  ANALYSIS

### A.  Standard of Review

We review the denial of a motion for attorney's fees under Section 406(b) of the Social Security Act for abuse of discretion.  *See Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 882 (6th Cir. 2016); *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard."  *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 497 (6th Cir. 2014) (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998)).  To the extent this case presents an issue of statutory interpretation, we review that issue de novo.  *Kerr ex rel. Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 930 (6th Cir. 2017).

### B.  Deadline for Filing Motions for Attorney's Fees

Cybriwsky argues that his motion for fees was timely because "no previous timeliness requirements" existed, and it was inappropriate for the district court to apply a deadline found in either the Federal Rules of Civil Procedure or the local rules of the Eastern District of Kentucky. The Commissioner concedes that neither the Social Security Act nor the regulations provide a deadline for fee motions but argues that Section 406(b) motions are subject to Fed. R. Civ. P. Rule 54(d).  Rule 54 specifies that "[u]nless a statute or a court order provides otherwise," a motion for fees may "be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2).  The Eastern District of Kentucky has adopted a local rule authorizing petitions for attorney's fees in Social Security cases to be filed within 30 days of a final favorable decision for the plaintiff.  *See* E.D. Ky. L.R. 83.11(d).

When a case is remanded under sentence six of Section 405(g) of the Social Security Act, as here, the remand "does not rule in any way on the correctness of the administrative decision." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).  The remand

occurs "pre-judgment." *Id.* Accordingly, "the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Although *Melkonyan* specifically addressed a motion for attorney's fees made under the EAJA, its logic applies in equal force to a motion for fees made under Section 406(b). The district court remanded this case for further proceeding on February 9, 2011. This remand was not a final judgment. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006). A final judgment was not entered until April 19, 2012, when the district court granted the Commissioner's motion to affirm the decision of the ALJ. The filing period for fees thus began to run on April 19, 2012.

We begin with Rule 54, which is compatible in purpose and language with a motion for attorney's fees under Section 406. By its express terms, however, Rule 54's deadline of 14 days applies "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2). Local Rule 83.11(d) of the Eastern District of Kentucky authorizes fee petitions to be filed within 30 days of a final favorable decision for plaintiff. Local rules, when properly adopted, generally have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). The local rule serves as a court order modifying the generally applicable, 14-day limitation in Rule 54. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 693 (6th Cir. 2005) (holding that the Federal Rules of Civil Procedure allow "district courts to adopt local rules . . . governing the timeliness standards for the filing of applications for attorney fees."). Therefore, Cybriwsky had 30 days from April 19, 2012, to file a motion for attorney's fees.

Cybriwsky argues, however, that he was unable to make such a motion because he did not receive Hayes's Notice of Benefits until April 2017 and the SSA also did not provide crucial information concerning the benefits received by Hayes's dependents. Receipt of the Notice of Award is essential for filing a motion for attorney's fees in many Social Security cases, as most fee arrangements in this type of litigation involve the attorney receiving a percentage of the client's past-due benefits. Without this information, an attorney cannot make an accurate and complete motion for attorney's fees.

The claim that Cybriwsky did not receive the Notice of Award until April 2017, however, is contradicted by the record.  In May 2012, Cybriwsky made a motion for attorney's fees pursuant to the EAJA.  Attached to that motion was an itemized billing statement that included an entry dated April 5, 2012, for "Receipt and review of SSA's Notice of Award Dated 3/20/12 on Mr. Hayes along with follow-up with Atty Calvert."  Cybriwsky attached a Notice of Award for Hayes to his 2017 motion for fees that was stamped received April 5, albeit without a year.  In other words, Cybriwsky received the Notice of Award before the district court affirmed the decision of the ALJ.  On this record, we find no clear error in the district court's conclusion that "Cybriwsky either had the actual Notice of Award or had the means to obtain it in 2012."

On April 5, 2012, Cybriwsky possessed the information contained in the Notice of Award and his motion for attorney's fees was due within 30 days of the final judgment that was entered on April 19, 2012.  Cybriwsky did not file the instant motion for attorney's fees until nearly five years later, in April 2017.  Accordingly, the district court did not err in concluding that the motion was untimely.

Cybriwsky's only remaining argument is that these circumstances merit the application of equitable tolling.  Although ordinarily a litigant must meet the deadlines prescribed by the rules, a court may invoke its equitable authority to toll applicable deadlines in appropriate circumstances.  In determining whether a party should be entitled to equitable tolling, we consider:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

With respect to the first, second, and fifth factors, Cybriwsky was on notice prior to the commencement of this action that Local Rule 83.11 was in effect and being applied to Social Security cases.  Rule 83.11 was last amended in December 2009, well before the commencement of this action and that amendment did not modify the 30 day filing deadline for attorney's fees in

Social Security cases. *See* Joint U.S. Dist. Ct. Rules D. Ky., L.R. 83.11(d) (West); Joint Gen. Order No 09-04 (E.D. Ky. Dec. 2, 2009). Cybriwsky is a "seasoned" practitioner who regularly practices in the Eastern District of Kentucky. We have noted that "'[i]t is incumbent on litigants' to follow local rules of procedure." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013) (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.1980)). Further, as early as May 2016, Cybriwsky had notice that the shorter Rule 54 deadline was being applied in some instances in Social Security litigation. *See Amburgey v. Colvin*, No. 5:08-335-DCR, 2016 WL 2859611, at *2 (E.D. Ky. May 16, 2016). *Amburgey* applied Rule 54, and Cybriwsky was counsel of record in that case. *Id.* at *1. Even if we accept the argument that Cybriwsky had been unaware that either the local rule or Rule 54 would apply, the decision in *Amburgey*— issued almost a year prior to the motion for fees in this case—put Cybriwsky on notice. He still failed to file for over 11 months. These three factors of the test, therefore, weigh against Cybriwsky.

Similarly, the record does not reflect that Cybriwsky diligently pursued his claim. For the period of time between October 15, 2012 and March 30, 2014, Cybriwsky's time sheets show no action with respect to this case. It was not until March 2014 that records indicate any effort by Cybriwsky to contact the SSA, and then he attempted to contact the SSA on only three occasions over the course of the next three years. The record also reveals that Cybriwsky attempted to contact Hayes directly only a single time, by letter, to which he received no response. Accordingly, the third factor also weighs against Cybriwsky as the record does not demonstrate diligence in pursuing this claim.

As to prejudice, the Commissioner represents that the funds normally withheld for payment of attorney's fees have already been released to Hayes. That leaves three ways for Cybriwsky to obtain these fees. He could collect them directly from Hayes, the SSA could employ an administrative mechanism by which it would pay Cybriwsky's fees by garnishing Hayes's monthly benefits, or the SSA could waive Hayes's obligation and pay Cybriwsky's fees itself. We agree with the district court that Hayes is not likely to have the "expectation or means to pay counsel an award of attorney's fees." Regardless, holding Hayes or the SSA responsible for the fees at this late date would be prejudicial to either.

All of the test factors weigh against Cybriwsky.  The circumstances of this case do not merit the exercise of equitable tolling.  The district court did not abuse its discretion by refusing to apply the doctrine of equitable tolling here.

## III.  CONCLUSION

Because we find Cybriwsky's motion for attorney's fees to be untimely and the doctrine of equitable tolling inapplicable on this record, we **AFFIRM** the decision of the district court denying Cybriwsky's motion for attorney's fees.