**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1672**

RICHARD E. BOGGS,

        Plaintiff - Appellant,

    v.

UNITED STATES OF AMERICA,

        Defendant - Appellee,

    and

PETER RAE,

        Defendant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:19-cv-00551-MGL)

Submitted: November 6, 2020           Decided: November 17, 2020

Before DIAZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard E. Boggs, Appellant Pro Se. Robert Joel Branman, Arthur Thomas Catterall, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for

Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard E. Boggs appeals from the district court's orders adopting the report and recommendation of the district court, granting the United States' motion to dismiss, and denying Boggs' motion for reconsideration. The United States has filed a motion for sanctions for filing a frivolous appeal. Regarding the district court's grant of the motion to dismiss and the denial of Boggs' motion for reconsideration, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Boggs v. United States,* No. 3:19-cv-00551-MGL (D.S.C. Jan. 16 & Apr. 24, 2020).

Under Fed. R. App. P. 38, we are authorized to impose sanctions for the filing of a frivolous appeal. *Brock v. Angelone*, 105 F.3d 952, 954 (4th Cir. 1997). Our power to impose sanctions applies equally to pro se litigants. *Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006) ("[P]ro se litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts."). Sanction awards for frivolous tax appeals "are to be determined on a case-by-case basis." *Wheeler v. C.I.R.*, 528 F.3d 773, 783 (10th Cir. 2008). In addition to providing "an effective sanction for the bringing of a frivolous appeal," sanction awards "serve as an effective deterrent to the bringing of future frivolous appeals, and . . . recompense the government for at least the direct costs of the appeal." *Id.* (quoting *Casper v. C.I.R.*, 805 F.2d 902, 906–07 (10th Cir. 1986)). When a taxpayer repeatedly engages in frivolous litigation to avoid paying lawful income taxes, courts have adopted the general practice of awarding a lump-sum sanction. *See Veal-Hill v. C.I.R.*, 976 F.3d 775 (7th Cir. 2020) (setting presumptive

3

sanction for frivolous tax appeal at $5,000); *Wheeler*, 528 F.3d at 784-85 (imposing lump-sum sanction of $4,000); *Gary Boggs v. Commissioner*, 569 F.3d 235, 238 (6th Cir. 2009) (granting motion for $8,000 in sanctions against taxpayer); *Trowbridge v. C.I.R.*, 378 F.3d 432, 433 (5th Cir. 2004) (lump sum sanction of $6,000 for frivolous tax appeal).

Here, Boggs' legal theories have been repeatedly and summarily rejected, and we find his appeal manifestly frivolous. In its motion, the Government requests a lump sum award of $8,000. In response, while Boggs asserts that his arguments are not frivolous, he does not challenge the computation of the lump sum award. In light of Boggs' repeatedly frivolous litigation, we grant the United States' motion for sanctions. However, given that the litigation below and on appeal was fairly focused and not protracted and that Boggs has not been previously sanctioned, we impose sanctions in the amount of $5,000. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*