RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0237p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

NAYSHA Y. OQUENDO,

　　　　　*Petitioner-Appellant*,

　　*v.*

COMMISSIONER OF INTERNAL REVENUE,

　　　　　*Respondent-Appellee*.

> No. 24-1205

Appeal from the United States Tax Court.
No. 17249-23—Kathleen M. Kerrigan, Judge.

Argued:  May 7, 2025

Decided and Filed:  August 25, 2025

Before:  CLAY, READLER, and DAVIS, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:**  Eric J. Konopka, LATHAM & WATKINS LLP, Washington, D.C., for Appellant.
Isaac B. Rosenberg, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee.  **ON BRIEF:**  Eric J. Konopka, LATHAM & WATKINS LLP, Washington, D.C.,
Christopher L. Bourell, UNIVERSITY OF TOLEDO, Toledo, Ohio, for Appellant.  Isaac B.
Rosenberg, Ellen Page DelSole, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.  Audrey Patten, HARVARD UNIVERSITY, Jamaica Plain, Massachusetts,
for Amicus Curiae.

————————————

**OPINION**

————————————

CLAY, Circuit Judge.   Petitioner Naysha Y. Oquendo appeals from an order of the United States Tax Court dismissing for lack of jurisdiction her petition for redetermination of a tax deficiency pursuant to Internal Revenue Code ("I.R.C.") § 6213(a).   Oquendo petitioned the tax court for a redetermination approximately five months after the Internal Revenue Service ("IRS") mailed her a notice of deficiency.   Oquendo argues that the tax court erred by treating § 6213(a)'s ninety-day petition-filing deadline as a jurisdictional requirement and not exercising its equitable authority to excuse her noncompliance with the deadline.   For the reasons set forth below, we **REVERSE** the judgment of the tax court and **REMAND** for consideration of Oquendo's entitlement to equitable tolling.

## I.  BACKGROUND

The I.R.C. requires taxpayers like Oquendo to report their income by annually filing tax returns covering the prior fiscal year so that the federal government may accurately levy income taxes. *Richardson v. Comm'r*, 509 F.3d 736, 740 (6th Cir. 2007); *Manning v. Seeley Tube & Box Co.*, 338 U.S. 561, 565 (1950).   "The filing of a return not only subjects the individual to tax liability, but also to both civil and criminal penalties for reporting incorrect information." *Jabbar v. Sec'y of Health & Hum. Servs.*, 855 F.2d 295, 298 (6th Cir. 1988) (per curiam).   The IRS is responsible for determining taxpayers' tax liability. *United States v. Baggot*, 463 U.S. 476, 478 (1983).   After receiving a tax return, the IRS typically "evaluates the return for accuracy" before entering an assessment of taxes owed for taxpayers who file returns that it deems satisfactory. *O'Bryant v. United States*, 49 F.3d 340, 342 (7th Cir. 1995).   For tax returns that it considers inaccurate, the IRS "may assess a deficiency," which is "the difference between the tax imposed by law and the tax shown upon the return." *Manning*, 338 U.S. at 565.   "Section 6501(a) of the I.R.C. generally requires the IRS to assess any deficiency in tax within three years after the return for the year in question has been filed." *Hubbard v. Comm'r*, 872 F.2d 183, 184 (6th Cir. 1989) (per curiam).   "[I]f an assessment is not timely made, the government cannot

maintain an action to collect the tax after the three years have expired." *United States v. Berman*, 884 F.2d 916, 920 (6th Cir. 1989). When "a tax is properly assessed within three years, however, the statute of limitations for the collection of the tax is extended by 10 years from the date of assessment." *United States v. Galletti*, 541 U.S. 114, 116 (2004).

Before assessing a deficiency, the IRS must provide taxpayers notice and an opportunity to contest the impending assessment. *Golden v. Comm'r*, 548 F.3d 487, 489 n.1 (6th Cir. 2008). I.R.C. § 6212(a) "provides that upon determination that there is a deficiency, the Secretary [of the Treasury] is authorized to send notice of the deficiency to the taxpayer by certified or registered mail" to the taxpayer's last known address.[1] *Wiley v. United States*, 20 F.3d 222, 223 (6th Cir. 1994). Notices of deficiency are meant "to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective." *Comm'r v. Stewart*, 186 F.2d 239, 241 (6th Cir. 1951). Accordingly, notices of deficiency must "identify the taxpayer, show that a deficiency was determined, state the taxable year involved, and set forth the amount of the deficiency." *Pasternak v. Comm'r*, 990 F.2d 893, 897 (6th Cir. 1993).

The Supreme Court has described the options for taxpayers who receive notices of deficiency as follows:

> Upon receiving a notice of deficiency, the taxpayer has, broadly speaking, four options: (1) he can accept the IRS's ruling and pay the amount of the deficiency; (2) he can petition the Tax Court for a redetermination of the deficiency; (3) he can pay the amount of the deficiency and, after exhausting an administrative claim, bring suit for a refund in the Claims Court or in district court; or (4) he can do nothing and await steps by the IRS or the Government to collect the tax.

*Baggot*, 463 U.S. at 478–79. For individuals choosing the second option, the I.R.C. allows taxpayers "ninety days after the notice of deficiency to petition the Tax Court for a redetermination of the deficiency." *In re Hindenlang*, 164 F.3d 1029, 1031 n.1 (6th Cir. 1999). During those ninety days, "the IRS may not assess the deficiency." *Id.*

---

[1]The Commissioner of Internal Revenue and the Secretary of the Treasury share responsibility for administering and enforcing the I.R.C. *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 308 (1978).

Congress created the tax court to "provide[] a forum in which taxpayers could obtain an 'independent review of the Commissioner of Internal Revenue's determination of additional income . . . taxes . . . in advance of their paying the tax found by the Commissioner to be due.'" *United States v. Price*, 361 U.S. 304, 307 (1960) (quoting *Old Colony Tr. Co. v. Comm'r*, 279 U.S. 716, 721 (1929)); *Flora v. United States*, 357 U.S. 63, 75 (1958). Accordingly, deficiency proceedings, which are only available to individuals who have been formally issued a notice of deficiency, *Sampson v. Comm'r*, 710 F.2d 262, 264 (6th Cir. 1983) (per curiam), allow individuals to dispute their tax liability, *Desmet v. Comm'r*, 581 F.3d 297, 302 (6th Cir. 2009). Taxpayers embroiled in those deficiency disputes before the tax court face steep odds because "deficiency determination[s] [are] presumed correct, and the taxpayer has the burden of proof to demonstrate error." *Boggs v. Comm'r*, 569 F.3d 235, 237 (6th Cir. 2009).

The notice of deficiency at issue in the instant case is dated May 30, 2023, and concerns Oquendo's 2022 tax returns. After auditing those returns, the IRS determined that Oquendo was not entitled to head-of-household status and rejected Oquendo's claims for the Earned Income Tax Credit and the Child Tax Credit.[2] In the resultant notice of deficiency, the IRS asserted that Oquendo owed taxes and penalties pursuant to I.R.C. §§ 6662(a) and 6676.[3] In addition to listing the amount of taxes and penalties which Oquendo purportedly owed, the notice explained that Oquendo could contest those determinations by filing a petition with the tax court by August 28, 2023.

Oquendo ultimately filed a petition for redetermination with the tax court on November 1, 2023. In her petition, Oquendo asserted that she was wrongly (i) denied earned income and child tax credits; (ii) rejected for head of household filing status; and (iii) penalized pursuant to

---

[2]The child tax credit "provides a $1,000 credit for every qualifying child," which can be "used to offset tax liability." *In re Zingale*, 693 F.3d 704, 706–07 (6th Cir. 2012) (citing I.R.C. § 24(a)). A portion of the child tax credit may be refundable if it exceeds a taxpayer's federal income tax liability. *Id.* (citing I.R.C. § 24(b)(3)(A), (B)). The earned income tax credit is "a refundable credit for low-income working individuals and families. When the earned income tax credit exceeds the amount of taxes owed, the taxpayer receives a refund for the excess amount." *United States v. Allen*, 242 F. App'x 303, 305 (6th Cir. 2007); I.R.C. § 32.

[3]Section 6662 imposes a mandatory twenty percent tax penalty for certain tax underpayments. *See Vincentini v. Comm'r*, 429 F. App'x 560, 565 (6th Cir. 2011) (citing I.R.C. § 6662(a), (b)(2)). Section 6676 similarly imposes a "penalty for erroneously claiming refunds." *Thomas Moore L. Ctr. v. Obama*, 651 F.3d 529, 539 (6th Cir. 2011) (citing I.R.C. § 6676).

§§ 6662(a) and 6676. Oquendo also disputed the facts underlying the deficiency notice, stating that she "had three qualifying children for the Child Tax Credit, Earned Income Credit, and Head of Household filing status," "solely maintained her own home" while "supporting the three qualifying children," and "resided with the three qualifying children for more than 6 months of the tax year." Pet. for Redetermination, ECF No. 7-2, 3. In addition, Oquendo argued that she was entitled to equitable tolling of the petition for redetermination filing deadline. According to Oquendo, because the notice was sent to her former address, she did not receive "actual notice that the Notice of Deficiency was sent until sometime after October 10, 2023," when her "designated representative received a collection notice . . . dated October 9, 2023." *Id.*

On December 18, 2023, Respondent, the Commissioner for Internal Revenue, moved to dismiss Oquendo's petition for lack of jurisdiction. The Commissioner argued that the tax court lacked jurisdiction to review Oquendo's petition because the petition "was not filed within the time prescribed by I.R.C. § 6213(a) or § 7502." *Id.* at 30.[4] In support of its argument, the Commissioner explained that the notice of deficiency was mailed to Oquendo's last known address on May 30, 2023, the ninety-day period for filing a petition for redetermination expired on August 28, 2023, and Oquendo's petition was untimely because it was filed 155 days after the notice of deficiency was mailed.

On December 19, 2023, Oquendo filed an objection to the Commissioner's motion to dismiss. Oquendo argued that § 6213(a)'s petition-filing deadline is subject to equitable tolling and that she was entitled to equitable tolling of the filing deadline because (i) she did not receive the notice of deficiency; (ii) she did not have constructive knowledge of the filing requirement because the Commissioner did not send the notice of deficiency to her designated representative; (iii) she filed a petition for redetermination twenty days after learning of the notice of deficiency; (iv) the Commissioner would not be prejudiced by the tax court considering her petition for redetermination because she was "entitled to review of the underlying proposed deficiency during a Collection Due Process hearing," which may yield a decision reviewable by the tax

---

[4] Section 7502 sets forth the I.R.C.'s rules governing the treatment, for timeliness purposes, of items mailed to the IRS. It "was enacted as a remedial provision to alleviate inequities arising from differences in mail delivery from one part of the country to another." *Miller v. United States*, 784 F.2d 728, 730 (6th Cir. 1986) (per curiam).

court;[5] and (v) she was reasonably unaware of the petition-filing requirement "because the only method to determine that the Notice of Deficiency had been issued would be for [her] or her representative to blindly contact" the Commissioner.  Obj., ECF No. 7-2, 52–53.

On February 1, 2024, the tax court granted the Commissioner's motion and dismissed Oquendo's petition for lack of jurisdiction.  The tax court held that its jurisdiction to review petitions for redetermination "depends on the issuance of a valid notice of deficiency and the timely filing of a petition."  Order, ECF No. 7-2, 56.  The tax court further explained that petitions for redetermination are "generally" timely if "filed within 90 days of the date on which the Commissioner mails a valid notice of deficiency."  *Id.*  The tax court stated that it had "no authority to extend this 90-day period."  *Id.*  Because Oquendo's "Petition was not filed within the period prescribed in the Internal Revenue Code," the tax court held that "this case must be dismissed for lack of jurisdiction."  *Id.* at 57.  In doing so, the tax court rejected Oquendo's equitable tolling argument.  The tax court reasoned that "[t]he Sixth Circuit has held that the timely filing deadline in deficiency cases is jurisdictional."  *Id.* (citing *Patmon & Young Pro. Corp. v. Comm'r*, 55 F.3d 216 (6th Cir. 1995)).  The tax court concluded by noting that Oquendo could still dispute the deficiency assessment by "continu[ing] to pursue administrative resolution of the 2022 tax liability directly with the Internal Revenue Service" or "pay[ing] the determined amounts and thereafter fil[ing] a claim for refund with the IRS."  *Id.* at 58.

Oquendo filed a timely notice of appeal on March 11, 2024.

## II.  DISCUSSION

### A.  Standard of Review

This Court has jurisdiction to review tax court decisions pursuant to I.R.C. § 7482(a). *Schrader v. Comm'r*, 916 F.2d 361, 362 (6th Cir. 1990) (per curiam).  We review those decisions

---

[5]"The Internal Revenue Service can seize taxpayer property to collect tax debts.  Before it does so, however, the taxpayer is typically entitled to a 'collection due process hearing'—a proceeding at which the taxpayer can challenge the levy or offer collection alternatives like payment by installment." *Boechler, P.C. v. Comm'r*, 596 U.S. 199, 202 (2015).  Taxpayers are typically only entitled to a collection due process hearing if they "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  *Living Care Alts. v. United States*, 411 F.3d 621, 624 (6th Cir. 2005) (quoting I.R.C. § 6330(c)(2)(B)).

"in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Freytag v. Comm'r*, 501 U.S. 868, 891 (1991) (quoting I.R.C. § 7482(a)). Accordingly, the tax court's factual findings are reviewed "for clear error and its legal conclusions de novo." *Greer v. Comm'r*, 557 F.3d 688, 690 (6th Cir. 2009). Because the tax court's determination that it lacked jurisdiction to consider Oquendo's petition is necessarily a legal conclusion, it is subject to de novo review. *Desmet*, 581 F.3d at 301; *Downs v. Comm'r*, 307 F.3d 423, 425 (6th Cir. 2002).

### B. Analysis

Oquendo argues on appeal that the tax court erred by treating § 6213(a)'s petition-filing deadline as jurisdictional, not equitably tolling the deadline, and dismissing her petition for lack of jurisdiction. In contrast, the Commissioner urges us to affirm the judgment of the tax court in all respects because, in its view, Oquendo's untimely filing divested the tax court of jurisdiction to review her petition. Before addressing their competing arguments, we first briefly review the significance of the tax court's jurisdictional determination.

### Jurisdiction

"Jurisdictional" statutory provisions are those which "describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543 (2019). As a general matter, "Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Maxwell v. Dodd*, 662 F.3d 418, 421 (6th Cir. 2011) ("Article III generally gives Congress authority to decide if, when, and under what conditions federal courts may resolve cases and controversies."). In doing so, it "'mark[s] the bounds' of a court's power." *Harrow v. Dep't of Defense*, 601 U.S. 480, 484 (2024) (alteration in original) (quoting *Boechler, P.C. v. Comm'r*, 596 U.S. 199, 203 (2022)). Federal courts, in turn, "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In performing that obligation, "the absence of subject-matter jurisdiction" requires dismissing a lawsuit "no matter how far along the litigation has progressed," *Herr v. U.S. Forest Serv.*,

803 F.3d 809, 813 (6th Cir. 2015), because subject matter jurisdiction "can never be forfeited or waived," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Therefore, "[t]he 'jurisdictional' label is significant because it carries with it unique and sometimes severe consequences." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 297 (2023). Those consequences may not be abated even in the case of "special considerations or circumstances." *Kentucky v. United States*, 759 F.3d 588, 598 (6th Cir. 2014). However, dismissals for lack of subject matter jurisdiction are "without prejudice and leave[] the parties free to seek relief in another forum (subject to any rules of preclusion)." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

In recent years, the Supreme Court has "endeavored 'to bring some discipline' to this area" by refraining from "loose[ly]" using the word "jurisdiction." *MOAC Mall Holdings LLC*, 598 U.S. at 298 (quoting *Henderson*, 562 U.S. at 435). Its more recent cases "impose[] a 'high bar' on any claim that Congress has deprived the federal courts of subject-matter jurisdiction over a dispute." *New Heights Farm I, LLC v. Great Am. Ins. Co.*, 119 F.4th 455, 462 (6th Cir. 2024) (quoting *United States v. Kwai Fun Wong*, 575 U.S. 402, 409 (2015)). Accordingly, "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity." *Henderson*, 562 U.S. at 435. In the instant case, the tax court determined that § 6213(a) is a jurisdictional rule and that it would exceed its jurisdiction by entertaining Oquendo's petition for redetermination because Oquendo failed to comply with § 6213(a)'s ninety-day petition-filing requirement.

In contrast to jurisdictional rules, nonjurisdictional claims-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* "These commands are rigid and must be applied whenever invoked by a party." *Taylor*, 990 F.3d at 497. Claims-processing rules do not, however, "eliminate or expand 'the classes of cases a court may entertain.'" *United States v. Marshall*, 954 F.3d 823, 826 (6th Cir. 2020) (quoting *Fort Bend Cnty.*, 587 U.S. at 548). These rules "generally include[] a range of 'threshold requirements that claimants must complete, or exhaust, before filing a lawsuit.'" *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). Importantly, claims-processing rules "are

less stern" than jurisdictional requirements and "may be waived or forfeited," unlike jurisdictional rules. *Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 20 (2017).

The merits of the parties' arguments may be considered against this background.

**Precedent**

As an initial matter, we must determine whether our case law definitively resolves the issue at hand. In general, "one panel of this circuit cannot overrule a prior panel." *Barr v. Lafon*, 538 F.3d 554, 571 (6th Cir. 2008). However, "[w]e are not bound by published circuit precedent if intervening Supreme Court caselaw requires modification." *Smith v. Cook*, 956 F.3d 377, 391 n.3 (6th Cir. 2020). Importantly, that "intervening Supreme Court authority need not be precisely on point, if the legal reasoning is directly applicable." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720–21 (6th Cir. 2016).

The Commissioner argues that this court's precedent interpreting § 6213(a)'s petition-filing deadline requires us to affirm the judgment of the tax court. To be sure, for decades this court and the Supreme Court have referred to compliance with § 6213(a)'s petition-filing deadline as a jurisdictional prerequisite. *See, e.g.*, *Laing v. United States*, 423 U.S. 161, 165 n.4 (1976) ("A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability."); *Patmon & Young Pro. Corp.*, 55 F.3d at 217 ("In order to invoke the jurisdiction of the Tax Court, a taxpayer must file a petition within 90 days after the mailing of the notice of deficiency."); *Koulizos v. Comm'r*, 920 F.2d 933, at *1 (6th Cir. 1990) (order) ("The time restraint on the filing of a tax court petition is jurisdictional and the tax court has no authority to extend it."); *Rice v. Comm'r*, 572 F.2d 555, 555–56 (6th Cir. 1978) (order) (affirming tax court's dismissal of a petition for redetermination of deficiency because the tax court "was without jurisdiction"); *Rambo v. United States*, 492 F.2d 1060, 1062 (6th Cir. 1974) ("The issuance of a deficiency notice is of substantial importance to the taxpayer. The receipt of the notice is a jurisdictional prerequisite to litigation in the Tax Court . . . to contest the validity of the tax before it is paid." (citations omitted)); *Gradsky v. Comm'r*, 218 F.2d 703, 704 (6th Cir. 1954) (per curiam) ("The filing of the petition for redetermination within ninety days after the mailing of the notice of deficiency is

jurisdictional."); *Worthington v. Comm'r*, 211 F.2d 131, 132 (6th Cir. 1954) (per curiam) ("The Tax Court properly held that it had no jurisdiction, for the reason that the required petitions for redetermination to be filed by the taxpayers were not filed within ninety days after the mailing of the notices of deficiency . . . .").

However, this court has "yet to look at the question" of whether § 6213(a)'s petition-filing deadline is a jurisdictional rule "in the light cast by the Supreme Court's recent guidance about jurisdictional requirements." *In re Tennial*, 978 F.3d 1022, 1025 (6th Cir. 2020). That guidance makes clear that the "jurisdictional" language in this court's cases interpreting § 6213(a) "is a characterization left over from days when [courts] were 'less than meticulous' in [their] use of the term 'jurisdictional.'" *Hamer*, 583 U.S. at 27 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004)); *see also Gunter v. Bemis Co.*, 906 F.3d 484, 493 (6th Cir. 2018) ("Over the last twenty years, one Supreme Court decision after another instructs the lower courts to be more judicious about labeling deadlines jurisdictional."). Indeed, the Supreme Court has cautioned that "unrefined dispositions" of jurisdictional matters "should be accorded 'no precedential effect' on the question whether the federal court had authority to adjudicate the claim in suit." *Arbaugh*, 546 U.S. at 511 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)). We have accordingly endeavored to "re-assess[] the line between jurisdictional and claims-processing requirements in several settings." *Hoogerhide v. IRS*, 637 F.3d 634, 636 (6th Cir. 2011) (collecting cases); *Emswiller v. CSX Transp., Inc.*, 691 F.3d 782, 789 (6th Cir. 2012) (same). Thus, given our past cases' extraneous or passing references to jurisdiction with respect to § 6213(a), we do not accord those holdings controlling weight and proceed to consider the jurisdictional nature of § 6213(a) consistent with the modern approach taken by the Supreme Court. *Cf. Taylor*, 990 F.3d at 497 (approaching "anew" question of whether 28 U.S.C. § 2255(e) is jurisdictional despite "suggest[ion] in the past that it is a jurisdictional rule").

**Statutory Text**

To delineate between jurisdictional and nonjurisdictional rules, the Supreme Court has fashioned a "clear statement" rule by which it "will 'treat a procedural requirement as jurisdictional only if Congress "clearly states" that it is.'" *Harrow*, 601 U.S. at 484 (quoting *Boechler*, 596 U.S. at 203). The clear statement rule thus serves as a "presumption against reading statutory requirements as jurisdictional" absent clear congressional expression otherwise. *Quickway Transp., Inc. v. NLRB*, 117 F.4th 789, 818 (6th Cir. 2024). This rule is intended "to capture Congress' likely intent," *Henderson*, 562 U.S. at 436, because "[l]oosely treating procedural requirements as jurisdictional risks undermining the very reason Congress enacted them," *Wilkins*, 598 U.S. at 157. But "Congress may nevertheless make a clear statement even if it does not use 'magic words.'" *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 715 (6th Cir. 2013) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). Still, "the statement must indeed be clear; it is insufficient that a jurisdictional reading is 'plausible,' or even 'better,' than nonjurisdictional alternatives." *MOAC Mall Holdings LLC*, 598 U.S. at 298 (quoting *Boechler*, 596 U.S. at 206). As such, when a statute is susceptible to "multiple plausible interpretations . . . only one of which is jurisdictional—it is difficult to make the case that the jurisdictional reading is clear." *Boechler*, 596 U.S. at 205.

Oquendo argues that § 6213(a)'s ninety-day petition-filing deadline lacks a clear statement and is merely a nonjurisdictional "ordinary filing deadline." Appellant's Br., ECF No. 18, 12. In support of that argument, Oquendo notes that the portion of § 6213(a) discussing the ninety-day requirement "does not mention jurisdiction at all." *Id.* at 19–21. According to the Commissioner, the text of § 6213(a) supports the conclusion that the petition-filing deadline is jurisdictional because that language appears in the same sentence as "the mailing of a deficiency notice and the filing of a petition," both of which the Commissioner describes as "predicates to jurisdiction." Appellee's Br., ECF No. 29, 20.

To assess these arguments, we must look to § 6213(a)'s text.[6] *See MOAC Mall Holdings*, 598 U.S. at 298 ("Traditional tools of statutory construction can reveal a clear statement."). The provision provides, in relevant part, that "[w]ithin 90 days[] . . . after the notice of deficiency . . . is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." I.R.C. § 6213(a). Notably absent from this language is a "directive[] to *courts*," a "reference to jurisdiction," and "language 'demarcat[ing] a court's power.'" *Riley v. Bondi*, 606 U.S. ----, 145 S. Ct. 2190, 2202 (2025) (emphasis and second alteration in original). Consequently, § 6213(a)'s petition-filing language lacks "the classic markers" which indicate a limit on subject matter jurisdiction. *Marshall*, 954 F.3d at 827. Instead, the provision "speaks to what [taxpayers], not courts, must do." *Id.* The dearth of jurisdictional language and indicators compels the conclusion that § 6213(a)'s petition-filing deadline is not a jurisdictional requirement.

This conclusion is bolstered by the Supreme Court's decision in *Boechler*, where the Court considered whether the thirty-day deadline in I.R.C. § 6330(d)(1) to petition the tax court for review of a collection due process determination is a jurisdictional rule. 596 U.S. at 204. Section 6330(d)(1) provides that "[t]he person may, within 30 days of a determination under this

---

[6]Section 6213(a) provides, in full, as follows:

(a) Time for filing petition and restriction on assessment.

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provision of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." The Supreme Court determined that this text did not amount to a clear statement of a jurisdictional rule. *Boechler*, 596 U.S. at 204. In reaching this conclusion, the Court noted that "'such matter' lacks a clear antecedent," "'matter' does not appear elsewhere in § 6330(d)(1), and no other 'noun or noun phrase' serves as the obvious antecedent." *Id.* (citation omitted). Thus, § 6330(d)(1) was susceptible to multiple interpretations and therefore not jurisdictional. *Id.*

Applying *Boechler*'s approach to § 6213(a)'s petition-filing deadline, we reach the same nonjurisdictional determination. If anything, § 6213(a)'s petition-filing deadline text is even further removed from the realm of jurisdictional certainty than the petition-filing deadline in § 6330(d)(1). Unlike § 6330(d)(1), § 6213(a) does not contain an explicit reference to jurisdiction within the same sentence containing the petition-filing deadline. Instead, § 6213(a)'s jurisdictional language is separated by multiple sentences from its petition deadline language. And like § 6330(d)(1), § 6213(a)'s jurisdictional language "speaks to what the Tax Court shall do," while the petition-filing deadline "explains what the taxpayer may do." *Id.* at 205. That dichotomy, which the Supreme Court highlighted in *Boechler*, merely emphasizes the difference in approach to the petition-filing and jurisdictional provisions in § 6213(a) and the resulting ambiguity surrounding any potential tethering of tax court jurisdiction to § 6213(a)'s petition-filing deadline. Given that difference, just as the Supreme Court determined in *Boechler*, "it is difficult to make the case that the jurisdictional reading" of § 6213(a) "is clear." *Id.*

The Commissioner resists this conclusion, contending that the context of § 6213(a)'s petition-filing deadline demonstrates Congress' jurisdictional intent. While the terms of a provision may "clearly indicate" Congress' jurisdictional intent, the Supreme Court has noted that courts considering jurisdiction "may also look to factors like a provision's 'placement within the' statute and 'the singular characteristics of the review scheme that Congress created.'" *Williams v. United States*, 927 F.3d 427, 436–37 (6th Cir. 2019) (quoting *Henderson*, 562 U.S. at 438–40). However, neither factor convinces us that § 6213(a)'s petition-filing deadline marks a jurisdictional threshold.

The Commissioner, for example, points to I.R.C. § 7459(d) as a provision that would purportedly be warped if we hold that § 6213(a)'s petition-filing deadline is nonjurisdictional. Section 7459(d) provides that "a decision . . . dismissing [a redetermination] proceeding shall be considered [the Tax Court's] decision that the deficiency is the amount determined by the Secretary." However, § 7459(d) contains an exception to this deficiency determination when "the dismissal is for lack of jurisdiction." In the Commissioner's view, this exception, under Oquendo's nonjurisdictional interpretation of § 6213(a)'s petition-filing deadline, would bar taxpayers petitioning the tax court for redetermination after their filing deadline has passed from other avenues of tax deficiency relief unless the tax court equitably tolls the § 6213(a) deadline. We are not convinced that such an outcome presents a quagmire either unconsidered by Congress or incompatible with its statutory scheme. In any event, despite the Commissioner's "sensible" policy argument for construing § 6213(a)'s petition-filing deadline as jurisdictional for purposes of blunting § 7459(d)'s consequences, the Commissioner's contentions in this regard only serve to further convince us that "Congress did not make that point clear." *Abraitis v. United States*, 709 F.3d 641, 645 (6th Cir. 2013). The Commissioner's additional contextual arguments similarly demonstrate the lack of clear congressional intent to render § 6213(a)'s petition-filing deadline jurisdictional.

We therefore reject the tax court's holding that § 6213(a)'s petition-filing deadline is a jurisdictional rule. In reaching this conclusion, we acknowledge that our sister circuits are not always aligned in their consideration of this issue. Most recently, the Second Circuit and Third Circuit held that § 6213(a)'s petition-filing deadline is not jurisdictional. *Buller v. Comm'r*, No. 24-1557, --- F.4th ----, 2025 WL 2348969, at *3 (2d Cir. Aug. 14, 2025); *Culp v. Comm'r*, 75 F.4th 196, 202 (3d Cir. 2023). In contrast, the Seventh Circuit and Ninth Circuit have held that § 6213(a)'s petition-filing deadline is jurisdictional. *See Organic Cannabis Found., LLC v. Comm'r*, 962 F.3d 1082, 1094 (9th Cir. 2020); *Tilden v. Comm'r*, 846 F.3d 882, 886 (7th Cir. 2017). Notably, the latter two opinions were issued prior to the Supreme Court's opinion in *Boechler*. The Seventh Circuit reasoned that it would be "imprudent to reject [the] body of precedent"—including our decision in *Patmon and Young Professional Corp.*—holding that § 6213(a)'s petition-filing deadline is jurisdictional. *Tilden*, 846 F.3d at 886–87. The Ninth

Circuit similarly considered itself bound by controlling precedent. *Organic Cannabis Found.*, 962 F.3d at 1092. However, as explained above, past cases interpreting § 6213(a)'s petition-filing deadline as jurisdictional are better viewed as vestiges of a bygone era. The Supreme Court's instruction to accord those cases no precedential weight effectively mandates that view. We therefore respectfully disagree with the analyses of the Seventh and Ninth Circuits and join the Second and Third Circuits in holding that § 6213(a)'s petition-filing deadline is not jurisdictional.

## Equitable Tolling

Oquendo also argues that she is entitled to equitable tolling of § 6213(a)'s petition-filing deadline. "Equitable tolling is a traditional feature of American jurisprudence and a background principle against which Congress drafts limitations periods." *Boechler*, 596 U.S. at 208–09. It "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The tax court held that § 6213(a) is not subject to equitable tolling because its petition-filing deadline is a jurisdictional rule. If the tax court's conclusion about § 6213(a)'s status as a jurisdictional rule had been correct, it similarly would have correctly denied Oquendo's request to equitably toll § 6213(a)'s petition-filing deadline. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) ("[B]ecause courts are not able to exceed limits on their adjudicative authority, they cannot grant equitable exceptions to jurisdictional rules."). However, as explained above, § 6213(a)'s petition-filing deadline is not a jurisdictional rule. The deadline is therefore "presumptively subject to equitable tolling." *Boechler*, 596 U.S. at 209; *Wershe v. City of Detroit*, 112 F.4th 357, 366 (6th Cir. 2024); *see Culp*, 75 F.4th at 203–05 ("[T]here is insufficient textual evidence to persuade us that Congress sought to bar § 6213(a)'s deadline from being equitably tolled.").

Although available, equitable tolling is not automatically applicable. The decision of whether to toll a limitations period must be made on a case-by-case basis. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003). That analysis "is a fact-intensive inquiry best left to

the [lower] courts" to undertake in the first instance. *Robertson*, 624 F.3d at 785. The tax court, however, did not conduct that analysis because it believed equitable relief to be foreclosed by this court's precedent. We therefore remand for the tax court to undertake this analysis. *See Boechler*, 596 U.S. at 211 (remanding for determination of taxpayer's entitlement to equitable tolling of tax court deadline); *Hawver v. United States*, 808 F.3d 693, 693 (6th Cir. 2015) (remanding case, "as a matter of discretion," for consideration of applicability of equitable tolling to dismissed Federal Torts Claims Act claim following intervening Supreme Court opinion establishing that statute of limitations requirements in 28 U.S.C. § 2401(b) were nonjurisdictional).

In doing so, we are mindful that Oquendo has the affirmative duty to establish her entitlement to equitable tolling. *Jackson v. United States*, 751 F.3d 712, 718–19 (6th Cir. 2014). Federal courts sparingly toll federal statutes and only in circumstances involving no fault of the requesting litigant. *Graham-Humphreys*, 209 F.3d at 560–61. Oquendo contends that her dilatory petition for redetermination filing should be excused because, inter alia, the notice of deficiency was sent to her former address, she did not become aware of the notice until after the petition-filing deadline had passed, and she diligently filed the petition after becoming aware. Remand is warranted for the tax court to determine in the first instance whether these contentions constitute "appropriate circumstances" for it to exercise its equitable tolling authority with respect to § 6213(a)'s petition-filing deadline. *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. 2018). In making that determination, the tax court must consider this court's traditional five-factor test: 1) Oquendo's lack of notice of the petition-filing requirement; 2) her lack of constructive knowledge of the petition-filing requirement; 3) her diligence in pursing her rights under § 6213(a); 4) the absence of prejudice to the Commissioner; and 5) Oquendo's reasonableness in remaining ignorant of § 6213(a)'s petition-filing deadline. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). These factors are neither exclusive nor individually relevant in every equitable tolling analysis. *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). Rather, the tax court must conduct a particularized inquiry to assess Oquendo's equitable tolling eligibility. *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003).

## III.  CONCLUSION

For the reasons stated above, we **REVERSE** the judgment of the tax court and **REMAND** for further proceedings consistent with this opinion.